# HAILEY v SCHOOL BOARD OF PALM BEACH COUNTY, FLORIDA

## Case No. 85-2952E

State of Florida, Division of Administrative Hearings

October 14, 1985

### APPEARANCES OF COUNSEL

**Anita and Jerry L. Hailey, Sr.,** parents of the petitioner/minor, Jerry L. Hailey, Jr.

**Richard L. Oftedal,** General Counsel, Palm Beach County School Board, for respondent.

### OPINION

JAMES E. BRADWELL, Hearing Officer.

### *FINAL ORDER*

Pursuant to notice, the Division of Administrative Hearings, by its

duly designated Hearing Officer, James E. Bradwell, held a public hearing in this case on October 2, 1985, in West Palm Beach, Florida.

The issue presented for decision herein is whether or not Petitioner, Jerry L. Hailey, Jr., is properly placed in a program for the severely emotionally handicapped.

## INTRODUCTION

By letter dated August 19, 1985, Petitioner, by and through his father, Jerry L. Hailey, Sr., requested a due process hearing for the purpose of taking his son out of the Severely Emotionally Handicapped Program which Petitioner has been attending at Northboro Elementary School and placing him back into a regular sixth grade class program, preferably at Westgate Elementary School, his neighborhood school.

Respondent, School Board of Palm Beach County, has objected to this request and maintains that Petitioner is properly placed in the Severely Emotionally Handicapped (SEH) Program and further contends that that program is the program which offers the best chance for the Petitioner to be appropriately educated.

## FINDINGS OF FACT

Based upon my observation of the witnesses and their demeanor while testifying, the deposition testimony of Judith C. Gibson, the documentary evidence received and the entire record compiled herein, I hereby make the following relevant factual findings.

Jerry L. Hailey, Jr., birthdate 1/12/74, has attended the Severely Emotionally Handicapped (SEH) Program at Northboro Elementary School based upon a complete psychological evaluation completed for him during January of 1982. (Respondent's Composite Exhibit No. 4) Petitioner was referred for a psychological evaluation due to a continued pattern of disruptive behavior in the regular classroom. His mother, Anita Hailey, had requested the evaluation because of Jerry's continued disruptive behavior. At the time that Mrs. Hailey requested the psychological evaluation for Jerry, he was attending Westgate Elementary and he was a second grader at that school. He was evaluated on January 12 and 13, 1982 by Michael A. MacDonald, M. Ed. (Respondent's Exhibits 1 and 2) Mrs. Hailey confirmed that Jerry had been fighting with students, threw stones at the milkman and continually antagonized other students and disrupted their attempts to complete their work assignments. Jerry also shouted obscenities at other students and the school staff.

Based on Mrs. Hailey's request and the psychological findings for

164

Jerry, an evaluation team was convened for the purpose of determining a proper placement for Jerry. The staffing team unanimously recommended that Jerry be assigned to the SEH Exceptional Program. The parents reluctantly agreed to that placement. (Testimony of Anita Hailey)

An individualized educational plan (IEP) has been developed for Jerry and it has been recommended that he continue in the SEH Program. The evaluation team recommended that Jerry receive the benefit of a small pupil-teacher ratio, support services such as individualized and group counseling, parent education and a structured curriculum. (Deposition testimony of Dr. Judith Gibson, Ph. D)

While enrolled at Northboro Elementary School, Jerry has had the benefit of the recommendations urged by the evaluation team. During the 1984-85 school year, while enrolled at Northboro, Jerry initially had a difficult time settling in the SEH Program. It was not until after the Christmas holidays before Jerry settled down and ceased his disruptive activities while enrolled in the SEH Program at Northboro.

Jerry started at Level III in the SEH Program at Northboro. Level III is the level at which students are enrolled who are most problematic in terms of disruptions. Beginning around January, 1985, Jerry settled in and moved to Level II. He functioned at that level under near the end of the school year at which time he regressed to Level III. Jerry was observed by Dr. Judith Gibson, a consultant for the Respondent at Northboro Elementary School for the past two years. Dr. Gibson observed Jerry on a weekly basis during her 3-hour weekly visits at Northboro. She provided supportive services including consulting with the crisis intervention teacher; reviewed teacher's progress reports and worked with the 10 students who are enrolled in the SEH Program at Northboro. She spends most of her time with students who need the most attention. As a result, Dr. Gibson spent a large portion of her time with Jerry.

Respondent had tried to mainstream Jerry into several classes such as music, arts and physical education without success. (Testimony of Gail Weiss, EH instructor at Westgate Elementary) While doing so, Jerry regressed substantially and his disruptive behavior was more severe than other students who were mainstreamed from the EH program. (Respondent's Exhibits 5, 6, and 7)

Jerry's SEH teacher at Northboro, Mrs. Fitten, has an M.S. degree in educational psychology from the University of Florida. She has taught varying exceptionalities including EH and SEH students. The SEH census at Northboro consists of approximately 10 students broken

**165**

into 2 units comprised of a teacher and an aide for each unit, and a play therapist rotates between both units. Mrs. Fitten reviews Jerry's records on a daily basis and uses a point reward system to try to curb his disruptive and aggressive behavior.

Jerry could not function in a regular class based on the level that he is presently functioning in the SEH Program. Jerry needs a very structured setting or he would revert back to his disruptive activities in a large unstructured class. (Testimony of Fitten and Catherine Upride, an instructor in the EH program who has reviewed Jerry's evaluations)

Jean Meir is a support person and liaison for the regular SEH staff at Northboro. Ms. Meir made anecdotal notes consisting of growth and physical agression charts for all of the students involved in the SEH Program. (Respondent's Composite Exhibit 8) Ms. Meir noted several improvements in Jerry's behavior including the fact that the amount of time that he spent in the "time out" room had been curtailed. Jerry ended up at Level II at the end of the 84-85 school year and would probably be functioning at Level I with the recommendation that he again be mainstream had he continued in school for the 85-86 school year.[1]

Jerry is not "babied" and is treated in an age-appropriate manner in the SEH Program. The token reward system is used to encourage and stimulate appropriate and less disruptive behavior on Jerry's part.

Chuck Shaw, principal at Northboro Elementary School, was involved in the staffing team which recommended Jerry's continued placement in the SEH Program for the 1985-86 school year. Mr. Shaw visited the SEH Program on a daily basis and continually observed Jerry throughout the 1984-85 school year. Principal Shaw has made it known to Jerry and his parents that he would be mainstreamed as soon as his conduct and behavior indicated.

David Herron, Respondent's school psychologist, and Bob Templeton, associate director of placement for exceptional student education, also attended the placement staffing for Jerry at the end of the 84-85 school year. As stated, the staff, including Templeton and Herron, unanimously concluded that Jerry could not function in a regular classroom and staff unanimously recommended Jerry be continuously placed in the SEH Program at Northboro.

Jerry's parents are dissatisfied with his progress since his enrollment in the SEH Program at Northboro. The Haileys are of the opinion that

---

[1] The Haileys have elected to keep Jerry out of school until the instant matter is resolved.

Jerry should be tried in a regular program and should he fail to progress satisfactorily in that program, he can be returned to the SEH Program.

## CONCLUSIONS OF LAW

1. The Division of Administrative Hearings has jurisdiction over the subject matter and the parties to this action. Section 120.57(1) and 230.23(4), Florida Statutes.

2. The parties were duly noticed pursuant to the notice provisions of Chapter 120, Florida Statutes.

3. The authority of the Respondent is derived from Chapter 230, Florida Statutes.

4. Section 230.23(4)(m), Florida Statutes, provides in pertinent part that the local school board shall:

"provide for an appropriate program of special instruction, facilities, and services for exceptional students as prescribed by the state board as acceptable. . . ."

There is no question that the student is emotionally handicapped. The issue is whether he is so severely handicapped that he cannot be given a free appropriate public education in a regular classroom.

All of the evidence introduced herein reveals that Petitioner, Jerry L. Hailey, Jr., has had a continued history of disruptive behavior while enrolled in the regular classroom. That pattern of behavior continues but to a somewhat lesser degree after his enrollment in the SEH Program. While enrolled in the SEH Program, he is involved in a small class with a low pupil-teacher ratio (5 to 1); he receives the benefit of individualized and group counseling and his curriculum and school environment is very structured. The SEH Program is devised to provide him with an incentive to curb his disruptive behavior and be more concerned with completing his assigned tasks and respect for the rights of others in his classroom; i.e., the token reward system. When Jerry's behavior becomes so disruptive that he cannot continue in the classroom, he is referred to the crisis intervention teacher where he is counseled and disciplined for his disruptive behavior.

Evidence also reveals that Petitioner has progressed during his enrollment in the SEH Program and it appears that that program offers the best chance for Petitioner to be educated appropriately. All the credible evidence reveals that it would be inappropriate to attempt to mainstream Jerry at this time because to do so would be equivalent to setting him up for failure. It is therefore concluded that Petitioner can

**167**

most benefit from the SEH Program at Northboro Elementary or a similar program with the Respondent's school district and I shall so order.

## ORDER

Based on the foregoing Findings of Fact and Conclusions of Law, it is hereby

ORDERED:

that the Respondent continue to provide Petitioner an educational placement in the SEH Program at Northboro Elementary School or a similar school in the Respondent's school district and that the Haileys' request to return Petitioner, Jerry L. Hailey, Jr., to a regular school program be DENIED.